Citation Nr: 1761224 
Decision Date: 12/29/17 Archive Date: 01/02/18

DOCKET NO. 08-22 888A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to service connection for a neck disorder, to include as secondary to the service-connected left knee disability.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

A. Adamson, Counsel


INTRODUCTION

The Veteran served on active duty from September 1983 to July 1986. 
This matter comes before the Board on appeal from an October 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. 

In October 2015, the Board denied service connection for a neck disorder, after which the Veteran appealed to the Court of Appeals for Veterans Claims (the Court). In November 2016, the Court issued a Memorandum Decision vacating the Board's decision to deny service connection for a neck disorder and remanded the matter to the Board for additional action. In the interest of efficiency, the Board will not repeat the procedural history of other issues previously before the Board during the pendency of this appeal, which have been finally adjudicated and are no longer within the Board's jurisdiction.

In May 2017, the Board remanded the matter of whether service connection is warranted for a neck condition. The Board also remanded the matter of whether an effective date prior to April 2, 2009, was warranted for a total disability rating based upon individual unemployability. The service connection issue is again before the Board for adjudication. In October 2017, the RO issued a rating decision awarding the TDIU effective February 22, 2006. As this is an award of the benefit through the entire period of the appeal, this matter was granted in full and is no longer before the Board.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

Although the Board sincerely regrets additional delay, a remand is necessary to afford the Veteran due process of law and to ensure that there is a complete record upon which to decide the Veteran's appeal, so as that he is afforded every possible consideration. 38 U.S.C. § 5103A (2017); 38 C.F.R. § 3.159 (2017).

The Veteran contends that his currently diagnosed neck disorder is due to or has been aggravated by his service-connected left knee disability. In February 2006, the Veteran reported falling while attempting to get into his car when his knee gave way, falling onto the car next to him. In November 2007 and March 2008 statements, he reported injuring his neck at the same time. As noted in the most recent VA examination report, the Veteran also reports slipping and falling in the bathtub, also due to his left knee giving way, and injuring his neck.

In May 2017, the Board remanded this matter for an examination and opinion to determine whether the Veteran has a neck disability that is as likely as not due to the Veteran's service-connected left knee disability. The remand also required an opinion as to whether the Veteran has a neck disability that has been aggravated (permanent worsening of the underlying disability beyond natural progress) by the service-connected left knee disability.

The Veteran was afforded a VA examination in June 2017. The examiner confirmed the presence of myofascial cervical syndrome secondary to incompetent disc, as well as a component of radiculopathy in the bilateral upper extremities due to the narrowing of the neuroforamina at C5 through C7 levels and mild disc bulging. The examiner went on to state, "I am asked to render an [opinion] as to whether his current cervical disc condition is a result of his left knee." The examiner concluded that the cervical spine condition is more likely secondary to pain from his bulging cervical disc into his trapezii and upper extremities and less likely related to the left knee. The examiner, however, gave no opinion as to the cause of the referenced bulging cervical disc. Further, the examiner did not address the question of aggravation at all. Thus, the June 2017 examiner did not answer the questions posed in the May 2017 remand, which are determinations needed in order to decide this claim. Accordingly, a remand is mandatory. Stegall v. West, 11 Vet. App. 268 (1998).

Accordingly, the case is REMANDED for the following action:

1. All pertinent evidence of record must be made available to and reviewed by the examiner who conducted the June 2017 examination, if available. 

The examiner should render an opinion on the following questions as to the cervical spine disabilities identified at the time of the June 2017 examination:

(a) Is it at least as likely as not (50 percent or more) that the Veteran's service-connected left knee disability, including the falls related to the left knee giving way, caused any aspect of the current cervical spine disability, including the bulging disc identified in June 2017. 

(b) Is it at least as likely as not (50 percent or more) that the Veteran's service connected left knee disability, including the falls related to the left knee giving way, aggravated (permanently increased in severity beyond the natural progression) any aspect of the current cervical spine disability.

The examiner should provide a well-reasoned rationale supported by the facts as to why the conclusion made was reached. The examiner should consider the Veteran's lay statement with regard to the onset and continuity of the cervical spine symptoms.

The examiner is reminded that the term "as likely as not" does not mean "within the realm of medical possibility;" rather, it means the evidence of record is so evenly divided that, in the examiner's opinion, it is as medically sound to find in favor of the proposition as it is to find against it.

If the prior examiner is unavailable, all pertinent evidence of record should be made available to and reviewed by another health care professional with appropriate expertise who should be requested to provide the required opinions with supporting rationale. Another examination of the Veteran should only be performed if deemed necessary by the person providing the opinion.

2. After completing the above actions, to include any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraph, the Veteran's claim should be readjudicated based on the entirety of the evidence. If the claim remains denied, the Veteran and his representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
H.M. WALKER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).